NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-1159
_____

UNITED STATES OF AMERICA

v.

DEVONNA GAMBLE,

Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 3-04-cr-00094-001)
District Judge: Honorable Thomas I. Vanaskie

_____

Submitted Under Third Circuit LAR 34.1(a)
September 21, 2010


Before: McKEE, Chief Judge, AMBRO, and CHAGARES, Circuit Judges

(Opinion filed: October 8, 2010)

_____

OPINION
_____


AMBRO, Circuit Judge

        In 2007, Devonna Gamble was serving a term of supervised release when she pled

guilty to possession with intent to distribute five grams or more of cocaine base.  A

revocation of supervised release hearing was held and Gamble was sentenced to serve a

24-month term of imprisonment.  A timely notice of appeal was filed.  Her attorney has moved to withdraw as counsel under *Anders v. California*, 386 U.S. 738 (1967), asserting that all potential grounds for appeal are frivolous.  Gamble has not filed a *pro se* brief. We grant the motion and affirm her sentence.

I.

Because we write solely for the parties, we recite only those facts necessary to our decision.   In December 2005, Gamble was sentenced to 37 months of imprisonment and three years of supervised release for conspiring to distribute and possessing with intent to distribute cocaine base.  Her sentence was reduced to 25 months following a motion for downward departure by the Government.   The District Court varied from the Guidelines range because of Gamble's remorse, her narcotics addiction, her efforts at rehabilitation while incarcerated, and the fact that she had recently become a mother.

Gamble began a term of supervised release in January 2007.   While on supervised release, she was charged with having engaged in narcotics trafficking involving cocaine base.  In January 2009, she pled guilty to aiding and abetting another in possessing with intent to distribute five grams or more of cocaine base.  She was sentenced to 72 months of imprisonment for that offense.  That sentence is not at issue in this appeal.

The Probation Office recommended revocation of Gamble's supervised release term for her underlying offense because the new drug offense violated the terms of her supervised release.  App. at 11-12.  At her supervised release revocation hearing, counsel for Gamble explained that her continuing drug addiction was the source of her recent involvement in drug-related activity.  She had not had the benefit of a halfway house

2

upon her first release, and had interrupted access to the drug program in jail before her release because she had served on several occasions as a cooperating witness for the Government in another county. App. at 17, 21-22. Gamble also addressed the Court. She recognized her addiction problem and failure to seek help earlier, explained her plans to be a positive influence on society and in her son's life, and expressed her desire for drug counseling and a halfway house to provide structure upon release. App. at 19-21.

Gamble's counsel argued that her term of imprisonment due to revocation of her supervised release should run concurrent, rather than consecutive, to her 72-month term of imprisonment for the new offense. She noted that, while the 72-month sentence was a downward variance from the otherwise applicable Sentencing Guideline range, Gamble had been sentenced as a career offender even though there had been no violent element to any of her drug crimes and she "never made any money from it." App. at 19. The Government made no argument in response. App. at 21.

The District Court imposed a sentence of 24 months of imprisonment consecutive to the 72-month sentence imposed for Gamble's new offense.

## II.

Our rules provide that "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders*." 3d Cir. L.A.R. 109.2(a). If we concur with trial counsel's assessment, we "will grant [the] *Anders* motion, and dispose of the appeal without appointing new counsel." *Id.* Accordingly, our "inquiry is . . . twofold: (1) whether counsel adequately fulfilled the rule's

3

requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

In his *Anders* brief, Gamble's attorney identified three potential grounds for appeal: (1) the District Court's jurisdiction; (2) the sufficiency of proof of Gamble's supervised release violation; and (3) the reasonableness of the sentence imposed.

Our review of the record confirms counsel's assessment that there are no nonfrivolous issues for appeal. First, we agree that the District Court had jurisdiction under 18 U.S.C. § 3583(4) (and note that the defendant never disputed the District Court's jurisdiction).

Second, there is no basis on which to challenge the sufficiency of the proof of Gamble's supervised release violation. She admitted to the violation and waived a hearing. The District Court established that her waiver was knowing and voluntary and that she understood that her supervised release could be revoked based on her acknowledgment that she had violated its terms. App. at 15-16.

Third, we review the District Court's revocation of a term of supervised release for abuse of discretion. *See United States v. Maloney*, 513 F.3d 350, 354 (3d Cir. 2008). We review a sentence imposed for a revocation of supervised release, like any other sentence, "for reasonableness with regard to the factors set forth in 18 U.S.C. § 3553(a)." *See United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007).

The District Court's decision to impose Gamble's revocation sentence consecutive to her sentence for the new offense was consistent with the Guideline Policy Statement regarding revocation of supervised release. *See* U.S.S.G. § 7B.3(f) (a "term of

4

imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving," even when "the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of . . . supervised release").

The District Court discounted the significant mitigating circumstances offered by Gamble, and uncontested by the Government. However, the Court acknowledged these circumstances and noted that many of the same factors had influenced its decision to make a "substantial reduction" in Gamble's first sentence. App. at 23. The Court concluded that Gamble had been "given the opportunity" for rehabilitation at that time but that, after "confidence has been reposed in a person and [she] cannot change, then . . . it is time to protect society." App. at 22-23.

Finally, the Court found that "the seriousness of the offense," "the seriousness of committing a crime while on supervised release," and the need for deterrence, warrant "a sentence at the top of the advisory guideline range." App. at 23. It adequately considered the sentencing factors under 18 U.S.C. § 3553(a), and the sentence imposed, while at the top of the Guidelines range, was not an abuse of discretion. Therefore, we agree with counsel that there is no non-frivolous basis upon which Gamble may appeal her sentence.

\* \* \* \* \*

Counsel adequately fulfilled the requirements of *Anders*. Because our independent review of the record fails to reveal any nonfrivolous ground for appeal, we

5

grant counsel's motion to withdraw and affirm Gamble's sentence.[1]  In addition, we

certify that that the issues presented lack legal merit and that counsel is not required to

file a petition for writ of *certiorari* with the Supreme Court.  3d Cir. L.A.R. 109.2(b).

---

[1] Gamble is hereby advised that under the Criminal Justice Act counsel is not obliged to file a petition for rehearing in this Court or a petition for writ of *certiorari* in the United States Supreme Court.  *See* L.A.R. 35.4; 109.2(b).  If Gamble wishes to pursue these avenues, she must do so *pro se*.

Should Gamble wish to file before us a petition for rehearing, an original and 14 copies of that petition must be filed within 14 days of the entry of judgment, or, if that time has passed, she may promptly file a motion to enlarge the time to file a rehearing petition.  Counsel shall timely send a copy of this order to Gamble.